STATE of Iowa, Appellee,

v.

Harold L. CLAY, Appellant.

No. 88–1212.

Court of Appeals of Iowa.

Feb. 22, 1990.

Raymond E. Rogers, State Appellate Defender, and James F. Whalen, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Ann Brenden, Asst. Atty. Gen., and Marc Gellerman, Asst. County Atty., for appellee.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

DONIELSON, Presiding Judge.

Beverly Clay, estranged wife of the defendant Harold Clay, was parked in the driveway of her boyfriend's parents' house, accompanied by her boyfriend Anthony Griffin. Beverly was driving her daughter's car because the tires on her own car had been slashed earlier in the day. Beverly had called Clay and accused him of slashing her tires.

As Beverly and Griffin were sitting in the car, Beverly suddenly exclaimed that Clay was coming towards them. As Griffin reached over to lock the door, Clay opened the door and began hitting Griffin with a stick. According to Griffin, Clay began shouting he was going to kill Griffin. Griffin managed to wrest control of the stick from the defendant, and as he attempted to get out of the car, the car rolled backwards, knocking both men down.

Griffin got up and struck Clay on the arms with the stick. At that point, Clay dropped a gun, picked it up, and attempted to fire it. The gun clicked several times but did not fire. Clay repeated his threats to kill Griffin. Griffin fled around the corner of the house, and Clay left the scene. Griffin received four or five stitches above one of his eyes.

Clay was ultimately arrested and charged with assault with intent to inflict serious injury and trespass. At trial, Griffin's father testified he was observing the incident from his house, and heard the gun click three times. Clay admitted he had the gun, but testified it was a toy gun and was used only to scare Griffin away from him. Clay asserted it was Griffin who began making threatening gestures. Clay argued he had been concerned about Beverly's tires being slashed, and went to Griffin's home to look for her.

After trial a jury found Clay guilty on both counts. The trial court sentenced Clay to concurrent sentences of two years on the assault charge and one year on the trespass charge. Clay has appealed.

Clay asserts the trial court erred in refusing to instruct the jury simple assault was a lesser-included offense of assault with intent to commit serious injury. Clay additionally argues the trial court erred in excluding evidence of the victim's violent character, including prior and subsequent threats. Clay maintains he acted in self-defense. Clay contends Griffin had on previous occasions threatened him with a knife, and had almost killed another man. Clay believes this information was necessary to establish his claim that he believed he was in danger. Finally Clay asserts the driveway leading to Griffin's parents' house was not fenced off to the public, and he had implicit permission to enter the driveway. Therefore, Clay argues there was not substantial evidence to prove the driveway was an area where the public was excluded, and thus no trespass occurred.

I. *Lesser–Included Offense.* The State concedes defendant's conviction pursuant to section 708.2(1) should be reversed and remanded for a new trial. It acknowledges the failure to submit simple assault as a lesser-included offense of assault with intent to inflict serious injury was an error pursuant to the legal test adopted in *State v. Jeffries*, 430 N.W.2d 728, 736 (Iowa 1988), and it also recognizes the retroactive application of *Jeffries* to this case. *State v. Royer*, 436 N.W.2d 637, 640–41 (Iowa 1989). Defendant's conviction for assault with intent to inflict serious injury is reversed and remanded for a new trial.

II. *Character Evidence.* Defendant claims the trial court erred in excluding evidence of Griffin's violent character, including prior and subsequent threats and acts of violence toward defendant. Because our disposition of this case calls for a retrial, the district court is certain to face this issue again. We shall therefore consider defendant's second assignment of error.

 Character evidence is generally not admissible, Iowa R.Evid. 404(a); however, evidence of character or traits of character is admissible when it is an essential element of a defense. Iowa R.Evid. 405(b). In such cases, character or traits of character may be proven by testimony as to reputation, testimony in the form of an opinion, or by specific instances of conduct. Iowa R.Evid. 405(a), (b).

 Defendant's proffered testimony regarded threats Griffin allegedly directed toward him, and specific instances of Griffin's conduct which were such as to make defendant reasonably fear for his safety. Our supreme court has recognized Iowa Rule of Evidence 405(b) is not limited to past instances of conduct, but may encompass the admissibility of subsequent conduct as well. *State v. Dunson*, 433 N.W.2d 676, 680 (Iowa 1988). Evidence of Griffin's aggressive or violent conduct is admissible under Iowa Rule of Evidence 404(a)(2).

We are not, however, deciding in advance whether this evidence should be admitted upon retrial. Depending upon the facts before it at the time the evidence is offered, the district court will still need to exercise its discretion as to the evidence's

admissibility under rule 403. *Dunson*, 433 N.W.2d at 681. The admissibility of evidence rests largely in a trial court's discretion, *State v. Ripperger*, 409 N.W.2d 693, 693 (Iowa App.1987), and such determinations are reversed only upon a clear abuse of discretion. *State v. Roth*, 403 N.W.2d 762, 765 (Iowa 1987). Our decision today only holds that evidence of Griffin's violent or threatening behavior is admissible pursuant to Iowa Rule of Evidence 404(a)(2) and 405(b).

III. *Trespass.* Defendant contends his conviction for trespass is not supported by substantial evidence. "Trespass" is defined as the "[e]ntering upon ... property *without the express permission of the own-*er ... with the intent to commit a public offense...." Iowa Code § 716.7(2)(a) (1987). "Property" means any land whether publicly or privately owned. Iowa Code § 716.7(1) (1987).

██ The thrust of defendant's argument appears to be that the State failed to demonstrate he entered upon the property without the permission of the owner to do so. Defendant claims it is commonly understood a driveway is a part of a person's property which the public has "implicit permission to enter."

We reject defendant's argument. "Trespass" by definition includes *any* property whether publicly or privately owned as long as the defendant entered upon the property without the express permission of the owner and with the intent to commit a public offense. Iowa Code § 716.7(1) (1987). The State provided evidence that defendant had not been invited to the Griffin residence and he entered the driveway with the intent to commit a public offense.

We will uphold a verdict where there is substantial evidence in the record tending to support the charge. *State v. Wheeler*, 403 N.W.2d 58, 60 (Iowa App.1987). The standards governing a challenge to the sufficiency of the evidence are well established, *see id.*, and need not be repeated here. Viewing the evidence in the light most favorable to the State, we find substantial evidence existed from which a rational fact finder could find defendant guilty beyond a reasonable doubt of trespass.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR NEW TRIAL.